UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Juan Acosta

    v.                                          Civil No. 07-cv-181-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2254, Juan Acosta has filed a petition for a writ of habeas corpus and supporting documents challenging the constitutionality of his state court conviction and confinement (document no. 1).  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule") (requiring initial review to determine whether the petition is facially valid).  For the reasons discussed below, I recommend that Grounds One and Four be dismissed.  By separate order issued simultaneously herewith, I order the petition served on the respondent as to Grounds Two and Three.

Background

On August 15, 2003, a Hillsborough County grand jury returned indictments charging Acosta with three crimes relating to the sale of heroin to informant Lisa Vallee.  One indictment

charged Acosta with the sale of heroin to Vallee. The second indictment charged Acosta with acting as an accomplice to Tomas Zorilla in the sale. The third indictment charged Acosta with conspiracy to sell heroin to Vallee. Following a three-day trial in March 2004, Acosta was convicted of sale of a controlled drug, being an accomplice to the sale of a controlled drug, and conspiracy to sell a controlled drug. He was sentenced to a term of imprisonment at the New Hampshire State Prison ("NHSP") where he is currently incarcerated.

Acosta appealed his conviction to the New Hampshire Supreme Court ("NHSC") and raised the following issue relevant to this action: whether the trial court erred in failing to require juror unanimity with regard to the overt acts listed in the conspiracy indictment. His conviction was affirmed on July 21, 2006.

Subsequently, Acosta filed a motion for new trial with the New Hampshire Superior Court (Hillsborough County), alleging that he was denied the right to a fair trial under the federal and state constitutions on the following bases:

> (1) ineffective assistance of trial counsel when counsel (a) failed to object to tainted testimony presented by the state's witness, (b) failed to preserve Acosta's federal claims for appeal and/or his right to appeal and (c) failed to raise the issue of double jeopardy;

>(2) ineffective assistance of appellate counsel when counsel failed to preserve Acosta's federal claims for appeal and/or his right to appeal;
>
>(3) prosecutorial misconduct when the prosecution knowingly solicited testimony from a state witness, Lisa Vallee, who allegedly violated the court's order instructing her to refrain from further drug use and other illegal acts; and
>
>(4) judicial misconduct and abuse of discretion when the trial judge (a) failed to instruct the jury that it was required to agree unanimously on at least one of the overt acts alleged in the conspiracy indictment in order to find him guilty, (b) imposed a guilty verdict on a count which the jury had not agreed to unanimously and (c) sought to have Acosta sign documents that would negate his right to appeal.

His motion was denied on February 20, 2007. In March 2007, Acosta filed a discretionary appeal with the NHSC in which he reiterated the issues raised in his motion for new trial. The NHSC declined his appeal without opinion on May 11, 2007.

Acosta now brings the instant petition in which he raises the following four grounds for federal habeas relief:

>(1)  conviction obtained in violation of the right to jury unanimity when the trial court entered a guilty verdict on one of Acosta's felony counts without having first obtained a unanimous guilty verdict;
>
>(2)  ineffective assistance of trial counsel when counsel (a) failed to object to the admission of testimony of the state's witness who allegedly testified while under the influence of illegal drugs, (b) failed to preserve this issue for appeal and (c) failed to cite to federal case law and preserve Acosta's federal claims for appeal;

3

(3) prosecutorial misconduct when the prosecution knowingly solicited unreliable and/or perjured testimony from a state witness, who allegedly was under the influence of illegal drugs, in order to obtain his conviction; and

(4) abuse of discretion when the trial judge (a) sought to have Acosta sign documents that would negate his right to appeal and (b) permitted a nolle prosequi of one charge when Acosta intended to "appeal the convictions."

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I. Custody and Exhaustion

To be eligible for habeas relief, Acosta must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective

state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody. For the reasons stated below, he also satisfies the exhaustion requirement but only as to Grounds Two and Three of the petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every

claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

"The petitioner bears the heavy burden of demonstrating satisfaction of the exhaustion requirement." Barresi, 296 F.3d at 51. In order to "fairly present" a claim to a state's highest court, a petitioner must alert the state court "to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citations omitted). As the Supreme Court has held:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"

Id., 541 U.S. at 32. Similarly, the First Circuit has enumerated several ways in which a petitioner might satisfy his obligation to fairly present a federal constitutional issue to a state's highest court, including: "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right guaranteed by the Constitution." See Goodrich v. Hall, 448 F.3d 45, 47-48 (1st Cir. 2006)(quoting Gagne v. Fair, 835 F.2d 6,

7 (1st Cir. 1987)).  The exhaustion requirement can also be satisfied where a claim arising under state law is "indistinguishable from one arising under federal law," the federal issue may be deemed to have been "fairly presented" to the state court if the claim was originally couched in terms of state law.  Id. (quoting Nadworny v. Fair, 872 F.2d 1093, 1099 (1st Cir. 1989)).

In the instant petition, Acosta raises four grounds for federal habeas corpus relief.  As explained more fully below, Grounds Two and Three are identical to the claims raised in his state court appeal and therefore appear to be exhausted.  Grounds One and Four raise issues of state law and therefore are not cognizable for purpose of federal habeas review.

    A.   Exhausted Claims

        1.   Ineffective Assistance of Trial Counsel

Construed liberally, Ground Two alleges that Acosta was denied the Sixth Amendment right to effective assistance of counsel at trial.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial); Smith v. Ohio Dep't of Rehab. and Corr., 463 F.3d 426, 433 (6th Cir. 2006) (holding "[t]here is no doubt that there is a

constitutional right to effective assistance of counsel during a direct appeal as of right."). Acosta's trial counsel allegedly failed to object to tainted testimony presented by the state's witness and failed to preserve that issue for appeal. In addition, trial counsel allegedly failed to cite to federal case law and preserve Acosta's federal claims for appeal. The record reveals that Acosta presented this claim on appeal to the NHSC. Accordingly, I conclude that he has demonstrated exhaustion of Ground Two for purposes of federal habeas review.

    2.    Prosecutorial Misconduct

Construed liberally, Ground Three alleges that Acosta was denied the right to due process when the prosecution knowingly solicited unreliable and/or perjured testimony from a state witness, Lisa Vallee, in order to obtain his conviction. Acosta alleges that Vallee was in all likelihood under the influence of illegal drugs when she testified at his state court criminal trial.

The Supreme Court has recognized that prosecutorial misconduct may 'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.'" Wright v. Vaughn, 473 F.3d 85, 92 (3d cir. 2006) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). The misconduct must

"constitute a "'failure to observe that fundamental fairness essential to the very concept of justice.'". Id. To the extent Acosta alleges that the prosecution's solicitation of unreliable and/or perjured testimony was so unfair as to render his conviction a denial of due process, I conclude that he has stated a cognizable habeas claim for purposes of preliminary review. Accordingly, without making a determination as to whether the alleged prosecutorial misconduct rises to the level of constitutional dimension, I conclude that Acosta has demonstrated exhaustion of Ground Three.

While Acosta could have presented the above federal constitutional claims in a more direct and precise manner, his discretionary appeal, when read in conjunction with his earlier filings, namely the motion for new trial, was minimally sufficient to apprise the New Hampshire Supreme Court of the federal constitutional dimension of his claims. I therefore find that Grounds Two and Three have been properly exhausted in the state courts to allow Acosta's federal habeas corpus action to proceed at this time.

 B. <u>Noncognizable Claims</u>

  1. Unanimous Jury Verdict

Construed liberally, Ground One of the petition alleges that

Acosta's conviction was obtained in violation of his right to jury unanimity. The trial court allegedly entered a guilty verdict on one of the felony counts without having first obtained a unanimous guilty verdict.

"[T]he federal constitution does not mandate unanimity in state criminal proceedings." Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). Although "[t]he Sixth Amendment requires a unanimous jury verdict to convict in a federal criminal trial," Cho v. Carter, No. C06-265-MJP, 2006 WL 3342216, at *4 (Nov. 13, 2006 W.D. Wash.)(citing Johnson v. Louisiana, 406 U.S. 356, 371 (1972)), "[t]he Fourteenth Amendment does not mandate unanimous verdicts for convictions in criminal prosecutions in state courts" id. (citing Johnson, 406 U.S. at 359 and Apodaca v. Oregon, 406 U.S. 404, 410-11 (1972)). Here, Acosta alleges that he was denied a unanimous jury verdict in his state court criminal prosecution. Because Ground One raises only an issue of state law and fails to identify any federal claim, I conclude that it is not cognizable on federal habeas review and recommend that it be dismissed.

    2.    Abuse of Discretion

In Ground Four of the petition, Acosta alleges that the trial judge abused his discretion when he sought to have Acosta

sign documents that would negate his right to appeal.  The trial court allegedly further erred when it permitted a nolle prosequi of one charge when Acosta intended to "appeal the convictions."

It is well-established that "[a] federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).  Rather, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Here, Acosta has not alleged that he has been denied any right approaching constitutional dimension.  He alleges that the trial judge "issued an order [for him] to appear before him seeking to have [Acosta] sign documents that would negate his appeal process."  Acosta does not allege that he was denied any right to appeal or other procedural protections.  To the contrary, the record reveals that Acosta filed a direct appeal of his conviction and a subsequent discretionary appeal.  Because Ground Four raises only an issue of state law and fails to identify a federal claim, I conclude that it is not cognizable on

federal habeas review and recommend it be dismissed.

## Conclusion

For the reasons stated above, I recommend that Grounds One and Four be dismissed.  By separate order issued simultaneously herewith, I order the petition served on the respondent as to Grounds Two and Three.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this Report and Recommendation, or he must properly move to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

<u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: August 2, 2007

cc:   Juan Acosta, pro se